UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
AGILITAS PARTNERS, LLP.

                Plaintiff,

        v.

AGILITAS CAPITAL, LLC
AGILITAS ENERGY, LLC

                Defendants.
---------------------------------------------------------------X

Civil Action No. *18 Civ. 3294*

## COMPLAINT

Plaintiff, Agilitas Partners, LLP ("Agilitas" or "plaintiff"), by its undersigned attorneys, as and for its Complaint against Agilitas Capital, LLC and Agilitas Energy, LLC ("Agilitas Capital" or "defendants") alleges:

### SUBSTANCE OF THE ACTION

1.    Defendants are related companies that are both using AGILITAS formative names, marks, and domain names. Plaintiff owns incontestable U.S. Registration No. 4082030 for AGILITAS, has used that mark and the name Agilitas Partners, LLP name in the United States since at least as early as 2012, and has established a reputation for excellence in its field. Defendants adopted the Agilitas Capital and Agilitas Energy identifiers long after plaintiff began using its mark and name.

2.    Plaintiff has filed this action to enjoin defendants from using the AGILITAS CAPITAL and AGILITAS ENERGY marks, the Agilitas Capital, LLC and Agilitas Energy, LLC names, and the agilitascapital.com and agilitasenergy.com domain names. Plaintiff has asserted claims for trademark infringement, unfair competition and false designation of origin,

8276382.3

and cyberpiracy pursuant to Sections 32 and 43(a) (d) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a)(d), and New York State common law. Plaintiff also seeks an accounting, profits and damages.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b). This Court has supplemental jurisdiction over the state law claims under 1367(a) and the principles of pendent jurisdiction. Personal jurisdiction and venue is proper in this district under 28 U.S.C. 1391(b)(2) and (c)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and plaintiff suffered substantial damage to its property interests in this district as a result of defendants' violations of plaintiff's asserted rights.

## THE PARTIES

4.  Agilitas Partners, LLP is a limited liability partnership organized and existing under the laws of the United Kingdom with its principal place of business at 5th Floor, 105 Piccadilly, United Kingdom W1J7NJ.

5.  On information and belief, defendant Agilitas Capital LLC is a limited liability company incorporated under the laws of the State of New Hampshire on April 26, 2017; Agilitas Energy LLC is a related limited liability company incorporated under the laws of the State of Delaware on April 25, 2017; and both defendants have business activities in a number of states, including New York. On information and belief, the principal place of business for both companies is 401 Edgewater Place, Suite 265, Wakefield, MA 01880.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

Plaintiff Agilitas Partners, LLP

6. Agilitas was founded in 2011. Its authorized U.S. representative is the related company Agilitas Private Equity LLP ("Agilitas Equity"), which files as an exempt reporting advisor (ERA) with the S.E.C.

7. In connection with Agilitas Energy, Agilitas acts as an advisor to a number of private funds, all of which are identified by the AGILITAS mark. Three AGILITAS funds include U.S. investors, including one composed 28 percent of US investors, and Agilitas has assets under management in the U.S. of under $150 million. In total, AGILITAS funds have over $450 million dollars in equity. Agilitas submits Form ADV to the SEC, which is publically accessible:

https://www.adviserinfo.sec.gov/IAPD/content/viewform/adv102012/Sections/iapd_AdvSchedul eDSection.aspx?ORG_PK=171478&FLNG_PK=02D125B6000801910349ACC100B16BC1056 C8CC0

8. In connection with Agilitas Energy, Agilitas acts as an investment advisor to prominent New York based clients, among others; actively markets its funds to New York investors; and provides investment advisory services to investors located in New York, as well as elsewhere. These clients recognize the AGILITAS mark and exclusively associate it with Agilitas and the financial services Agilitas provides.

9. Agilitas recently successfully backed the buyout of Hydro International Limited ("Hydro"), a leading global provider of advanced products, services and technology for the treatment of wastewater and the control of stormwater for municipal, industrial and construction customers. Hydro has significant US operations, with staff in more than one state, and is the US technology leader in grit removal equipment.

3

10. Agilitas has achieved an excellent reputation for its expertise in the mid-market segment, making transformational investments in defensible businesses, successfully improving, growing and strengthening businesses. Agilitas is the recipient of a Private Equity Exchange Award, winning the 2015 Special Distinction Award for Best UK LBO Fund. Agilitas also was a Rising Star winner at the 2014 Private Equity Exchange Awards.

11. On January 10, 2012, the United States Patent and Trademark Office issued U.S. Registration No. 4082030 for AGILITAS, currently registered for "Financial consultancy; investment services, namely, asset acquisition; investment of funds for others; financial services, namely, investment advice, investment management, investment consultation and investment of funds for others; financial services, namely, raising debt and equity capital for others; financing services; capital investment services; repair cost evaluations," in International Class 36, with a priority date of April 16, 2010 (copy of uspto.gov online entry for this registration attached as **Exhibit A**). This registration is valid, subsisting, and in full force and effect, and is incontestable under Section 15 of the Trademark Act. 15 U.S.C. §1065.

12. Agilitas also owns European Union Registration No. 009035262 for AGILITAS in Classes 35, 36, and 45, which issued on December 9, 2010.

13. Agilitas' rights in its name and mark in the U.S. began long prior to any date on which defendants can rely.

14. Given plaintiff's use of the AGILITAS mark and the Agilitas Partners, LLP name, investors and others in the investment advisory business throughout the U.S. and internationally have come to associate AGILITAS as identifying plaintiff, its financial services, and its funds. Through plaintiff's untarnished reputation, years of effort, and investments of time, money and

4

creativity, its AGILITAS mark and Agilitas Partners, LLP name have acquired highly valuable goodwill in the U.S. and abroad.

Defendants' Unlawful Activities

15. Both of defendants' domain names direct to a single website at http://www.agilitascapital.com. On that web site, AGILITAS CAPITAL has described itself as a "boutique private investment firm creating value for its stakeholders within the renewable energy and real estate sectors." Defendants' website is directed at clients and potential clients located in this district as well as New York and other states.

16. On information and belief, defendants were or should have been aware of plaintiff's registered AGILITAS mark before defendants adopted their AGILITAS formative names, marks, and domain names.

17. Agilitas has advised defendants that their unauthorized adoption and use of AGILITAS formative names, marks, and domain names violates Agilitas' prior established and exclusive rights in its name and registered mark. Despite being placed on notice of plaintiff's prior rights, defendants have refused to curtail their unlawful activities.

18. Defendants' use of the AGILITAS CAPITAL and AGILITAS ENERGY marks, the Agilitas Capital, LLC and Agilitas Energy, LLC business names, and the agilitascapital.com and agilitasenergy.com domain names to identify services closely related to those of plaintiff Agilitas is likely to confuse and deceive the trade and the public unless enjoined.

19. On information and belief, Defendants unlawful use of plaintiff's AGILITAS mark has extended to New York and this district, including without limitation in connection with projects under construction in Hauppauge, Holbrook, and elsewhere on Long Island.

20. Defendants' acts are willful, as they have continued to use the AGILITAS formative names, marks, and domain names despite receiving a cease and desist letter from

plaintiff Agilitas to Agilitas Capital LLC (copy attached as **Exhibit B**), and despite plaintiff's patient efforts to settle this case without need of litigation.

21.   Regardless of defendants' intent, their use of AGILITAS formative marks, names, and domain names will create a false impression as to the source or sponsorship of defendants' business and services. Such use places plaintiff's valuable reputation in defendant's hands. Particularly in the investment field, which is built on trust, this will destroy the value of Agilitas' name and mark, because it will destroy its ability to indicate quality services emanating from a single source.

22.   Defendants' infringement on plaintiff's name and incontestably-registered mark is causing irreparable injury to Agilitas and will continue to damage Agilitas and deceive the public unless enjoined by this Court. Agilitas has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF BY PLAINTIFF
## FOR FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. §1114)

23.   Plaintiff realleges each and every allegation set forth in paragraphs 1 through 22 above, and incorporates them herein by this reference.

24.   Defendants' use of the AGILITAS CAPITAL and AGILITAS ENERGY marks, the Agilitas Capital, LLC and Agilitas Energy, LLC business names, and the agilitascapital.com and agilitasenergy.com domain names in connection with the sale, offering for sale, distribution, promotion, and advertising of related products and services infringes plaintiff's incontestable Registration No. 4082030 for AGILITAS. Such use is likely to cause confusion, to cause mistake, or to deceive, and constitutes federal trademark infringement.

25.   Consumers and the trade are likely to be confused, mistaken, or deceived, and to believe that defendants' products and services are those of plaintiff, or are sponsored, authorized,

licensed by or otherwise connected with plaintiff, or that defendants are plaintiff or are connected with it. By their acts, defendants unjustly enriches themselves and damage plaintiff.

26. Defendant's acts are in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

27. Defendants' acts are willful and deliberate.

28. Defendants' conduct will cause irreparable injury to plaintiff Agilitas unless enjoined by this Court. Plaintiff Agilitas has no adequate remedy at law.

<div style="text-align:center">

SECOND CLAIM FOR RELIEF
FEDERAL UNFAIR COMPETITION
(15 U.S.C. S 1125(a))

</div>

29. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 28 above, and incorporates them herein by this reference.

30. Defendants' use of the AGILITAS CAPITAL and AGILITAS ENERGY marks, the Agilitas Capital, LLC and Agilitas Energy, LLC business names, and the agilitascapital.com and agilitasenergy.com domain names, which are highly similar to plaintiff's AGILITAS mark and Agilitas Partners, LLP business name -- in connection with the advertising, promotion and sale of services that are related to, or competitive with those offered by plaintiff, but that are not under plaintiff's control or management -- constitutes unfair competition. Defendants' acts constitute the use of a false designation of origin and a false representation that defendants' services are plaintiff's services, or are sponsored, authorized, licensed by or otherwise connected with plaintiff and their quality assured thereby.

31. Defendants' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Defendants' conduct will cause irreparable injury to plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

8276382.3

## THIRD CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

33. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 32 above, and incorporates them herein by this reference.

34. Defendants have prominently used AGILITAS CAPITAL and AGILITAS ENERGY marks, the Agilitas Capital, LLC and Agilitas Energy, LLC business names, and the agilitascapital.com and agilitasenergy.com domain names, in connection with their business and the advertising, promotion and provision of their own services. Defendants' use of AGILITAS formative marks, names, and domain names for its own, related services is likely to confuse the public as to the origin, source, sponsorship or quality of defendants' business and services and is likely to mislead persons to believe that defendant's business and services are authorized by or affiliated with plaintiff.

35. Defendants' use of the AGILITAS CAPITAL and AGILITAS ENERGY marks, the Agilitas Capital, LLC and Agilitas Energy, LLC business names, and the agilitascapital.com and agilitasenergy.com domain names is with knowledge of plaintiff's prior rights in the AGILITAS name and mark. By appropriating the goodwill of plaintiff's name and mark, defendants unjustly enrich themselves and damage plaintiff.

36. Defendants' conduct constitutes New York common law unfair competition with plaintiff, which will cause irreparable injury to plaintiff's good will and reputation unless enjoined by this Court.

## FOURTH CLAIM FOR RELIEF
## FEDERAL CYBERPIRACY
## (15 U.S.C. §1125(d))

37. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 36 above, and incorporates them herein by this reference.

8

8276382.3

38. Defendants have registered and used the domain names agilitascapital.com and agilitasenergy.com. That adoption was made on constructive notice of plaintiff Agilitas' mark, which existed as a distinctive, federally-registered mark at the time defendants registered their domain names. Therefore defendants' actions constitute federal cyberpiracy pursuant to Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d).

39. There exists no relationship between plaintiff Agilitas and defendants that would give rise to any license, permission or other right by which defendants could own or use any domain names incorporating plaintiff's mark.

40. Defendants registered and are using their domain names, both of which direct to a website at http://www.agilitascapital.com, in bad faith under Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d). Defendants clearly are without any trademark or intellectual property rights in the domain names because, inter alia: (a) there was no use of the domain names in connection with the bona fide offering of any goods or services prior to plaintiff's use and registration of the AGILITAS mark; and (b) there is no bona fide noncommercial or fair use of the mark in a web site under the domain names. Defendants did not have reasonable grounds to believe that the use of the domain names agilitascapital.com or agilitasenergy.com was a fair use of the mark or was otherwise lawful.

41. Defendants' conduct will cause irreparable injury to plaintiff Agilitas unless this Court acts to transfer the domain names at issue to plaintiff or orders the forfeiture or cancellation of that domain names. Plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff demands judgment as follows:

1. Permanently enjoining defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with defendants from:

(a) Using the AGILITAS CAPITAL and AGILITAS ENERGY marks, the Agilitas Capital, LLC and Agilitas Energy, LLC business names, and the agilitascapital.com and agilitasenergy.com domain names, or any confusingly similar mark or name as the name of any business or as a trademark, service mark, corporate name, domain name, social media name, or other designation;

(b) Imitating, copying, using, reproducing, displaying or authorizing any third party to imitate, copy, use, reproduce or display plaintiff's AGILITAS mark, Agilitas Partners, LLP name, or any confusingly similar name or mark, in any manner or form or using any variation, reproduction, counterfeit, copy, colorable imitation, or simulation thereof on or in connection with any business or service or the advertisement or promotion thereof;

(c) Using, authorizing or aiding in any way any third party to use any false designation of origin or false description, or performing any act that can, or is likely to, mislead members of the trade or public to believe that any service offered by defendant is in any manner associated or connected with plaintiff, or sponsored, approved or authorized by plaintiff;

(d) Engaging in any other activity constituting unfair competition with plaintiff, or constituting an infringement of plaintiff's AGILITAS mark or Agilitas Partners, LLP name;

(e) Engaging in any of the acts complained of in the Complaint; and

(f) Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

2. Directing that defendants deliver up to plaintiff within five (5) days after entry of judgment, all advertisements, promotional materials, brochures, catalogs, signs, displays, literature, stationary and all other matter in its possession, or under its control, incorporating, featuring the AGILITAS CAPITAL and AGILITAS ENERGY marks, the Agilitas Capital, LLC and Agilitas Energy, LLC business names, and the agilitascapital.com and agilitasenergy.com domain names, or any variations or colorable imitations thereof, or which could be used to reproduce the names or marks.

3. Directing that defendants, within five (5) days after entry of judgment, make all books and records and other documents concerning all transactions relating to the AGILITAS CAPITAL and AGILITAS ENERGY marks, the Agilitas Capital, LLC and Agilitas Energy, LLC business names, and the agilitascapital.com and agilitasenergy.com domain names, or any confusingly similar mark, name, domain name or social media name, concerning any services or products connected therewith, or featuring such name or mark available to plaintiff for review and inspection.

4. Directing that defendants, pursuant to Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d), must transfer the domain names agilitascapital.com and agilitasenergy.com to plaintiff.

5. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any services or business advertisement promotion or product by defendants bearing the AGILITAS CAPITAL and/or AGILITAS ENERGY marks, the Agilitas Capital, LLC and Agilitas Energy, LLC business names, and the agilitascapital.com and agilitasenergy.com domain names or any confusingly similar mark or name, is authorized by plaintiff or related in any way to plaintiff.

8276382.3

6. Directing that defendants file with the Court and serve upon plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which defendants have complied with the above.

7. Awarding plaintiff such damages as it has sustained or will sustain by reason of defendants' acts of unfair competition; all gains, profits and advantages derived by defendants from such conduct; and, pursuant to 15 U.S.C. § 1107, an amount up to three times the amount of such actual damages sustained as a result of defendants' violation of the Lanham Act.

8. Awarding plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

9. Awarding plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees.

10. Awarding plaintiff interest, including prejudgment interest, on the foregoing sums.

11. Awarding plaintiff such other and further relief as the court may deem just and proper.

DATED: June 5, 2018

CARTER LEDYARD & MILBURN, LLP

By: _____
John M. Griem, Jr.
2 Wall Street
New York, NY 10005
(212) 732-3200

**Exhibit A**

8276382.3



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

Javascript required to view site-wide navigation bar. &gt;&gt; <a href="http://www.uspto.gov/sitenav.htm">View Alternative Site Navigation</a>

Trademarks > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Fri May 18 04:52:27 EDT 2018*

TSDR | ASSIGN Status | TTAB Status *( Use the "Back" button of the Internet Browser to return to TESS)*

# AGILITAS

| | |
|---|---|
| **Word Mark** | AGILITAS |
| **Translations** | The wording "AGILITAS" has no meaning in a foreign language. |
| **Goods and Services** | (CANCELLED) IC 035. US 100 101 102. G & S: Business organisation and management consulting services; business planning; business administration; financial management consultancy; business appraisals; assistance with business management; business research; commercial and industrial management assistance; economic forecasting; tax consultation; business advice and information relating to loans, finance and capital<br><br>IC 036. US 100 101 102. G & S: Financial consultancy; investment services, namely, asset acquisition; investment of funds for others; financial services, namely, investment advice, investment management, investment consultation and investment of funds for others; financial services, namely, raising debt and equity capital for others; financing services; capital investment services; repair cost evaluations |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85028899 |
| **Filing Date** | May 3, 2010 |
| **Current Basis** | 44E |
| **Original Filing Basis** | 44D |
| **Published for Opposition** | October 25, 2011 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |

8276382.3

| | |
|---|---|
| **Registration Number** | 4082030 |
| **Registration Date** | January 10, 2012 |
| **Owner** | (REGISTRANT) AGILITAS PARTNERS LLP limited liability partnership UNITED KINGDOM BROADWALK HOUSE 5 APPOLD STREET London UNITED KINGDOM EC2A2HA |
| **Attorney of Record** | Rose Auslander |
| **Priority Date** | April 16, 2010 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. PARTIAL SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

8276382.3

**Exhibit B**

8276382.3

# CARTER LEDYARD & MILBURN LLP
*Counselors at Law*

Rose Auslander
Counsel

Direct Dial: 212-238-8601
E-mail: auslander@clm.com

2 Wall Street
New York, NY 10005-2072

Tel (212) 732-3200
Fax (212) 732-3232

570 Lexington Avenue
New York, NY 10022-6856
(212) 371-2720

December 22, 2017

**EMAIL AND CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
Contact@agilitascapital.com

Agilitas Capital, LLC
401 Edgewater Place, Suite 265
Wakefield, MA 01880

21 Madbury Road
Durham, NH 03824

    Re:    Objection to infringement of the AGILITAS mark
           (Our Ref: AGI02 001)

Dear Sirs:

We represent Agilitas Partners LLP ("Agilitas" or "our client") in the United States. Agilitas is seriously concerned to learn that you are infringing their valuable AGILITAS name and mark.

Our client owns incontestable U.S. Registration No. 4082030 for AGILITAS for investment and other financial services, as well as registrations for that mark internationally. Over the years, our client has invested time, energy and resources into creating and building goodwill and a valuable reputation in its AGILITAS name and mark. Your infringing use of AGILITAS CAPITAL in your business name, your http://www.agilitascapital.com domain name, and as a mark, including without limitation on your website and on social media, is likely to cause confusion among our client's customers, the pertinent trades, and the general public, and to lead to the false belief that you, your activities, and your website are part of Agilitas, or are sponsored, licensed, or otherwise approved by Agilitas—all to your great benefit and our client's great harm. Your unauthorized use of AGILITAS CAPITAL constitutes, *inter alia*, trademark infringement, cybersquatting, and unfair competition, in violation of Sections 32 and 43 of the federal Lanham Act, as well as under various state laws, common law, and the laws of other countries. Remedies include injunctive relief and monetary damages, which may be trebled, domain name transfer, and attorneys' fees.

In view of the seriousness of this issue, and of our client's long-standing prior rights, we demand a signed, completed copy of this letter by return email by **January 5, 2017**, by which you and any and all individuals and entities associated with you, agree:

8189964.1

Agilitas Capital, LLC 2

(1) to promptly take down the **AGILITAS CAPITAL** mark from the agilitascapital.com website and from social media, including without limitation LinkedIn, and from anywhere else it is displayed by you or on your behalf;

(2) to promptly cease and desist from all use of the Agilitas Capital, LLC name and agilitascapital.com site, and from all use, marketing, advertising, promotion and/or sale of any goods or services in connection with the **AGILITAS CAPITAL** mark and any other mark, business name, or domain name that is confusingly similar to AGILITAS, including without limitation such activities on the Internet, on your Infringing Website, and on social media, including without limitation on your profiles on LinkedIn;

(3) by that signed writing, to give your consent to transfer to Agilitas the agilitascapital.com domain name and any and all other domain names in your custody, possession, or control that include the AGILITAS mark or any marks confusingly similar thereto, and to provide the domain name unlock code(s) at the blank below in your signed letter or in your email:

_____

(4) not to file any applications to register the **AGILITAS CAPITAL** mark, any other mark consisting of or containing AGILITAS or anything confusingly similar as a trademark, service mark, product or service identifier, brand name, business name, domain name or social media member name; and

(5) to cease and desist from any and all other acts of unfair competition with Agilitas.

We trust this will resolve this matter. If you have any questions or would like to discuss this matter, please contact the undersigned. This letter is written without prejudice to any of our client's rights or remedies, all of which are expressly reserved.

Sincerely,

*Rose Auslander*

Rose Auslander

RA:pf
Certified Mail No.: 7010 1870 0000 1469 9300

ACKNOWLEDGED AND AGREED TO
ON BEHALF OF AGILITAS CAPITAL, LLC

By:_____
Name:
Title:
Date:

8189964.1